Judith A. Lockhart, Esq.
Leonardo Trivigno, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Telephone: 212-732-3200
Lockhart@clm.com
Trivigno@clm.com

William S. Helfand
Kellen R. Scott
Chamberlain, Hrdlicka, White,
Williams & Aughtry, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
William.Helfand@chamberlainlaw.com
Kellen.Scott@chamberlainlaw.com

*Attorneys for Defendant Raymond Falk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARSH USA INC., ET AL.,                     :   ECF CASE
                                            :   Case No. 12-CV-3044 (LTS)
               Plaintiffs,                  :
                                            :
               v.                            :
                                            :
RAYMOND FALK,                               :
                                            :
               Defendant.                   :
---------------------------------------------------------------X

## RAYMOND FALK'S SPECIAL APPEARANCE AND OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPEDITED DISCOVERY

7018792.2

Defendant Raymond Falk appears specially,[1] as specifically ordered by the Court, and files this Response in Opposition to Plaintiffs' Request for Expedited Discovery under Federal Rule of Civil Procedure 26(d). Because Plaintiffs fail to satisfy each requirement before the Court should consider deviating from the ordinary course and speed at which discovery is routinely conducted, the Court should deny Plaintiffs' request for expedited discovery in this breach of contract case. In opposition to Plaintiffs' request, Falk respectfully shows the Court as follows:

## INTRODUCTION

1. First, it is notable that Plaintiffs filed, and have attempted to expedite, this lawsuit in response to Falk's prior-filed, parallel proceeding pending in Louisiana state court, where Falk resides and where he worked for Plaintiffs. Specifically, and as Plaintiffs' own pleadings admit, Marsh Inc. and Marsh USA, Inc. sued Falk in this Court two (2) months after Falk filed a declaratory judgment action challenging the enforceability of the restrictive covenants contained in various documents between Falk and the Plaintiffs[2] here.

2. Importantly, the only allegation Marsh makes in this breach of contract case against Falk is that one of Marsh's clients in Massachusetts elected to change insurance brokers to continue working with Falk after he voluntarily resigned from Marsh, Pls' Complaint ¶72-73,

---

[1] Defendant has been ordered to appear on May 11, 2012 to respond to Plaintiffs' motion to expedite discovery, but Defendant's appearance and pleading deadline is not until May 17, 2012. Accordingly, Defendant has not yet appeared in this action and hereby appears specially and without waiver to assert obligatory affirmative defenses. Defendant will timely file a responsive pleading and hereby asserts, and will more fully show, that this Honorable Court lacks subject matter jurisdiction over this suit, lacks personal jurisdiction over this Louisiana Defendant, that venue is not proper in this Court, that the Plaintiffs fail to state a claim upon which relief may be granted, that abstention by this Court is appropriate or that this Court should transfer the venue of this matter.

[2] Falk collectively refers to Plaintiffs as Marsh. All citations to Marsh's allegations are to Marsh's First Amended Complaint.

a fact which Falk does not deny, because Falk's agreements with Marsh, to the extent they are even enforceable, do not prohibit such action.

3.   As Marsh's own pleadings admit, Marsh now seeks expedited discovery as no more than a "fishing expedition" to see if there is something else. The Rules of Civil Procedure, including those governing the timing of discovery, exist to protect the due process rights of litigants and deviation from them should not be permitted simply to satisfy a party's whim. Here, expedited discovery is clearly not warranted because Marsh is not seeking any preliminary relief, such as a temporary restraining order or preliminary injunction, and has not indicated any prejudice if discovery proceeds in accordance with the Rules. Nor should the Court simply allow Marsh to "fish around," in a case in which Marsh has not yet even stated a claim, in an effort to find facts to state a plausible claim for relief, much less one on which Marsh can demonstrate it is likely to succeed on the merits. Also, the Court should deny Marsh's request for expedited discovery because, tellingly, Marsh completely glosses over its requirement to show how its alleged injury it claims will result without expedited discovery "looms greater than the injury that the defendant will suffer if the expedited relief is granted." Marsh identifies no injury it claims it will suffer if the Court denies Marsh's request for expedited discovery. Yet Marsh requests the Court order Falk, a Louisiana citizen since 1972, to appear in person for his deposition in New York within (10) days, even though Falk has notified the Court, the Honorable Louis Stanton presiding, that Falk challenges, *inter alia*, the Court's jurisdiction and venue. **Lastly, all of the authority upon which Marsh relies in telling the Court that other courts have found expedited discovery to be appropriate are, unlike this case, all cases in which those courts were dealing with preliminary injunctions or temporary restraining**

orders. Accordingly, Marsh presents this court with absolutely no authority for the proposition that, in the absence of a temporary restraining order or preliminary injunction, pre-answer discovery is appropriate in any case, much less this one.

### ARGUMENT AND AUTHORITIES

4.      Cases addressing the propriety of discovery prior to that permitted under Rule 26, F.R.C.P. seem to exclusively involve requests for emergency or preliminary relief when expedited discovery is allowed. *E.g.*, *Tetra Sales (U.S.A.) v. T.F.H. Publication, Inc.*, 839 F.2d 881, 882 (2d Cir. 1988); *Denny v. I.S. Lab., Inc.*, 737 F. Supp. 247, 247-48 (S.D.N.Y. 1990). In fact, the commentary to the 1993 Amendments to Federal Rule of Civil Procedure 26(d) recognizes that early discovery by court order is generally only appropriate "in some cases, such as those involving requests for a preliminary injunction." *Fed. Exp. Corp. v. Fed. Espresso, Inc.*, 1997 WL 736530 (N.D.N.Y. 1997).

5.      Indeed, although they are not so candid with the Court every single one of the cases on which Marsh relies in its motion for such relief includes a plaintiff's claim for preliminary relief. *Sapient Corp. v. Singh*, 149 F. Supp. 2d 55, 57-58 (S.D.N.Y. 2001) ("[Plaintiff] moved by order to show cause for expedited discovery and a preliminary injunction."); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473, 473-74 (S.D.N.Y. 1990) ("Presently before this Court is plaintiff's motion for a preliminary injunction and expedited discovery....Defendant Sweatshirts and More stipulated to a preliminary injunction and expedited discovery."); *Ikon Office Solutions, Inc. v. Leichtnam*, 2003 WL 251954, at *1 (W.D.N.Y. 2003) ("Ikon moved seeking (1) a preliminary injunction...and (2) leave to take immediate discovery before the preliminary injunction hearing."); *Interactive Edge,*

*Inc. v. Martise*, 1998 WL 35131, at *1 (S.D.N.Y. 1998) ("[Plaintiff] initiated a lawsuit against [defendant]. I granted [the plaintiff] a Temporary Restraining Order...ordering that security be posted, and ordering expedited discovery.") **Notably, Marsh does not seek any emergency or preliminary relief whatsoever.[3]**

6. Assuming, *arguendo*, that expedited discovery is ever appropriate in a case which does not involve requests for preliminary relief – a question to which none of the authority Marsh presents speaks – courts in this Circuit are cautious in authorizing it *even where preliminary relief is at issue*. Specifically, the courts employ one of two tests to determine the propriety of a request for expedited discovery. The first test is a four-factored test set out in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982). Under *Notaro*, a party seeking expedited discovery must show: (1) irreparable injury; (2) probability of success on the merits; (3) a connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury the defendant will suffer if the expedited relief is granted.[4] *Notaro*, 95 F.R.D. at 405. The second test is a "reasonableness standard." *Litwin v. OceanFreight, Inc.*, 2011 WL 5223022, at *14 (S.D.N.Y. 2011). **Marsh's request for expedited discovery satisfies neither standard.**

I. **Marsh Cannot Satisfy the *Notaro* Test for Expedited Discovery**

7. Should the Court apply the four-factor test, Marsh fails to meet all elements of the

---

[3] Of course, any request for preliminary relief would entail an analysis of predicate questions of this Court's subject matter jurisdiction, personal jurisdiction over the Defendant, whether venue is proper in this Court, whether Plaintiffs have stated a claim and, even if these issues did not result in dismissal or transfer, the general enforceability of Plaintiff's agreements with Falk; all questions Marsh seems to attempt to evade through this peculiar end-around motion.

[4] Again, since expedited discovery seems confined to cases where extraordinary preliminary relief is at issue, it should come as no surprise that these factors generally track the questions before the court where it is asked to grant such preliminary relief.

*Notaro* test. Marsh must show (1) an irreparable injury; (2) probability of success on the merits; (3) a connection between the expedited discovery and the avoidance of irreparable injury, and (4) present evidence that the injury that will result without expedited discovery looms greater than the injury the defendant will suffer if the expedited relief is granted. *Notaro*, 95 F.R.D. at 405.

8. However, Marsh has shown neither an irreparable injury nor a probability of success on the merits. Marsh also fails to demonstrate how the Court's decision not to authorize expedited discovery will result in any irreparable harm to Marsh. Once the parties confer under Rule 26(f), materials within the scope of discovery will be available to Marsh, to the extent they are discoverable under the rules. FED. R. CIV. P. 26(d)(1).

### A.   Marsh cannot demonstrate any irreparable injury in this breach of contract action.

9. Marsh does not claim, and it clearly has not suffered, an irreparable injury. Irreparable harm is defined as "certain and imminent harm for which a monetary award does not adequately compensate." *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113–14 (2d Cir. 2003). When, as here, an injury can be appropriately compensated by an award of monetary damages, an adequate remedy at law exists and no irreparable injury may be found. *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004). "[T]he classic remedy for breach of contract is an action at law for damages." *Gen. Textile Printing & Processing Corp. v. Expromtorg Int'l Corp.*, 862 F. Supp. 1070, 1075 (S.D.N.Y. 1994).

10. In this case, Marsh is clearly able to – and in fact does – monetize the value of the only account at issue in this case. Marsh alleges it received $45,000 per year in net revenue from the Northeast Ship account. Pls' Complaint ¶74. Notably, having already set a monetary value to this account in its Complaint, Marsh noticeably appears to have omitted this reference from a

virtually identical paragraph in its memorandum from which Marsh lifted from its Complaint.

11. Marsh conclusorily – without any factual explanation at all, as required – claims it lost a client named Northeast Ship "through a combination of Defendant's unlawful solicitation efforts and disclosure of confidential information to BM&B." Pls' Memo in Support of Order to Show Case at 10. Strikingly, Marsh fails altogether to provide any basis supporting Marsh's wholly conclusory allegations. Marsh has not identified any basis at all for asserting that Falk disclosed any confidential information belonging to Marsh to his current employer. Moreover, as discussed below, Falk has not breached his non-solicitation clause because Northeast Ship is not located in any of the Louisiana parishes Marsh set forth in Falk's Louisiana non-solicitation agreement. Marsh concedes Northeast Ship is located in Massachusetts. *Id.* at 6.

12. Then, following Marsh's insupportable conclusory statements, Marsh goes even further to claim it is somehow "evident" Marsh will "continue to be irreparably harmed." *Id.* at 11. The Court must require Marsh to actually demonstrate *with evidence*, as opposed to lawyer rhetoric, the supposed harm Marsh claims is irreparable. **Tellingly, on page 11 of Marsh's Memorandum, Marsh openly concedes its allegations are based on no more than "it is believed" that Falk used confidential information he received from Marsh.** Marsh identifies no factual basis to support their claim Falk used or disclosed any confidential information.[5]

13. In *Don King Productions, Inc. v. Hopkins*, this Court denied a request for expedited discovery because the plaintiff "failed to demonstrate that either 'irreparable harm' or 'substantial prejudice' [would] befall it if this action proceed[ed] at a normal pace." *Don King*

---

[5] Importantly, this Honorable Court, consistent with *Navarra v. Marlborough Gallery, Inc.*, 820 F. Supp. 2d 477, 485 (S.D.N.Y. 2011), rejects assertions of allegedly material factual matters made "upon information and belief." Individual Practices of Judge Laura Taylor Swain ¶2(e).

*Productions, Inc. v. Hopkins*, 2004 WL 2997800, at *3 (S.D.N.Y. 2004). The Court went on to explain:

> Of course, all plaintiffs would prefer a swift adjudication of their claims, allowing them to avoid the potential delays inherent to litigation. **However, our system does not, and cannot, accommodate all plaintiffs' wishes in that manner.**

*Id.* (emphasis added). Notably, this is all that Marsh has pled and, for the same reasons the request was denied in *Hopkins*, this Court too should reject Marsh's request.

14. To secure expedited discovery, *evidence* must show that the complained-of injury is "likely and imminent, not remote and speculative." *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995). Marsh's imaginative worst case scenario *allegations, unsupported by any facts at all*, flowing from an alleged wrong *in the past*, does not adequately show irreparable injury. Compare *Lentjes Bischoff GmbH v. Joy Envtl. Techs., Inc.*, 986 F. Supp. 183, 187 (S.D.N.Y. 1997). Accordingly, the Court should reject Marsh's conclusory assumptions and find Marsh has not shown an irreparable injury sufficient to modify the rules of discovery.

**B.    Marsh cannot show its likelihood to succeed on the merits.**

15. The Court should also deny Marsh's request for expedited discovery because Marsh cannot show its likelihood to succeed on the merits of its claims. Marsh required Falk to sign at least three (3) different non-solicitation agreements during the time Falk worked for Marsh. The first and third agreements are simply unenforceable on their face because Marsh did not comply with Louisiana law and specifically name the parishes or municipalities in which the restrictive covenants were to have effect. LA. REV. STAT. ANN. § 23:921(C); *Vartech Sys., Inc. v. Hayden*, 951 So.2d 247, 258 (La. Ct. App. 2006); *Aon Risk Serv. of La., Inc. v. Ryan*, 807 So.2d 1058, 1062 (La. Ct. App. 2002) (explaining rationale for this drafting requirement).

16. Marsh alleges in its Complaint that New York law applies to this dispute. It does not. There is an actual conflict between New York and Louisiana law regarding the enforceability of a choice of law clause contained in an employment contract. First, Louisiana law requires an employee to agree to and ratify a choice of law provision "after the occurrence of the incident which is the subject of the civil or administrative action." LA. REV. STAT. ANN. § 23:921(A)(2). Marsh does not allege, as it cannot, that Falk ratified a New York law selection clause after the alleged events giving rise to Marsh's claims occurred. Marsh has not even asked Falk to ratify the clause. Falk is not aware of any similar ratification requirement under New York law.

17. Second, while "New York courts generally defer to the choice of law made by the parties to a contract . . . New York law allows a court to disregard the parties' choice when 'the most significant contacts' with the matter in dispute are in another state." *Cargill, Inc. v. Charles Kowsky Res., Inc.*, 949 F.2d 51, 55 (2d Cir. 1991). Instead of blindly adhering to a choice of law provision, New York choice of law principles apply a "center of gravity" or "grouping of contacts" analysis when deciding which forum's law to apply to determine the validity of a contract. *Pegasus Aviation IV, Inc. v. Aerolineas Austral Chile, S.A.*, 2012 WL 967301, at *5 (S.D.N.Y. 2012). Here, none of the operative facts occurred in New York.

18. The key events relating to Falk's discussions with his former boss, Robert Monsted, Falk's execution of the offer letter, where Falk performed his contract for Marsh, and where the alleged breach occurred all took place in New Orleans, Louisiana. Marsh concedes Falk is a New Orleans resident and that Marsh hired Falk to work in Marsh's New Orleans office. Pls' Complaint ¶¶3, 15, 16, 55. Falk and Monsted had at least three separate meetings

during which Monsted discussed Falk's employment and Monsted's claimed intent to locate additional funds to pay Falk to keep him as Monsted's employee. Each of these meetings occurred in Louisiana: one in Monsted's New Orleans office, one at the New Orleans Country Club, and one at the Fat Hen restaurant in New Orleans.[6]

19.     Given that Louisiana law applies to this dispute, Marsh cannot demonstrate a likelihood of success on its claims. In short, even taking as true Marsh's allegations regarding its former Massachusetts client, Marsh's restrictive covenants do not extend beyond the Louisiana parishes Marsh expressly chose to list, and certainly do not identify Boston, Suffolk County, Massachusetts. The first non-solicitation agreement Marsh required Falk to sign was a document titled, "Non-Solicitation Agreement." *See* Pls' Complaint, Exhibit B. Falk signed this document upon joining Marsh in December 2005. This agreement fails to identify any parish, city, or municipality and, therefore, is unenforceable under Louisiana law. *Id.* ¶1. Courts will not rewrite or reform a restriction that fails to comply with the specificity requirement of this strong Louisiana public policy. *L & B Transp., LLC v. Beech*, 568 F. Supp. 2d 689, 698 (M.D. La. 2008).

20.     The third agreement Marsh required Falk to sign which contains another unenforceable non-solicitation clause is contained in a Retention Bonus Agreement dated August 5, 2009. *See* Pls' Complaint, Exhibit E. This agreement too fails to set forth any parish, county, city, or municipality in which the restriction is to apply and is, therefore, unenforceable. *Id.* ¶7(a).

---

[6] Falk will be filing a comprehensive Rule 12 motion seeking dismissal of Marsh's claims. Within his motion, Falk will further expound upon the complete lack of contacts Marsh's action and Falk's employment have with New York and why Louisiana law governs this dispute.

21.     In 2007, between requiring Falk to sign these two documents, Marsh had Falk sign a different document entitled Marsh USA Inc. Non-Solicitation Agreement. *See* Pls' Complaint, Exhibit D. However, this time Marsh listed all sixty-four (64) parishes in Louisiana as the geographic scope in which Marsh intended the restriction to apply. *Id.* ¶2(b). Because the only client Marsh identifies is located in Massachusetts, as Marsh concedes, Pls' Complaint ¶68, Falk does not challenge at this time whether Marsh actually conducts business in each of the sixty-four (64) Louisiana counties. *Vartech Sys., Inc.*, 951 So. 2d at 257-58 n.12. To be sure, "[e]mployers are not permitted to lock former employees out of markets in which the employer does not operate." *Id.* at 258. **However, Marsh's 2007 Non-Solicitation Agreement does not list Boston, Suffolk County, Massachusetts, where Northeast Ship is located as a prohibited location for competition.** Therefore, although Marsh lists Louisiana parishes, Marsh cannot show its likelihood to succeed on the merits, much less to even state a plausible claim, because the only client Marsh identifies is located more than 1,300 miles away from the parishes in which Marsh intended the restriction to apply. Having failed to demonstrate its likelihood to succeed on the merits, the Court should deny Marsh's request for expedited discovery on this ground as well.

C.     **Because Marsh has not shown it has suffered irreparable harm, Marsh's proposed expedited discovery to discover whether Falk disclosed confidential information is unavailing.**

22.     Marsh cannot meet the third factor under the *Notaro* test. Marsh must establish some connection between the expedited discovery it seeks and avoiding "further irreparable harm." *Notaro*, 95 F.R.D. at 405. As it fails to on the next factor as well, Marsh does not even attempt to show the requisite connection. Instead, without any evidence whatsoever, Marsh

claims the discovery would allow it to determine "the full extent" of Falk's alleged use or disclosure of Marsh's confidential information. However, as discussed above, Marsh has no evidence that Falk used or disclosed any of Marsh's confidential information in the first place. Marsh cannot sidestep this factor by making conclusory assertions unsupported by the evidence.

23. Moreover, rather than show the connection required to meet this factor, Marsh simply cites four (4) cases and claims expedited discovery has been ordered in other cases. However, the fundamental flaw in Marsh's logic which precludes expedited discovery here is that the cases on which Marsh relies are drastically different than this one. In each case Marsh cites, the plaintiff sought preliminary injunctive relief, as contemplated by the 1993 commentary to the amendments to Rule 26(d). *Sapient Corp.*, 149 F. Supp. 2d at 57-58; *Twentieth Century Fox Film Corp.*, 749 F. Supp. at 473-74; *Ikon Office Solutions, Inc.*, 2003 WL 251954, at *1; *Interactive Edge, Inc.*, 1998 WL 35131, at *1. In this case, Marsh does not seek any emergency injunctive relief, nor does Marsh state any colorable basis for the Court to speed up the pace at which the parties ordinarily conduct discovery. Marsh cannot meet this factor either.

### D. Marsh also fails to demonstrate how the Court's decision not to authorize expedited discovery will result in irreparable harm to Marsh.

24. Marsh also cannot satisfy the fourth factor. Marsh must present "some evidence that the injury that will result without [the requested] expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 730 (S.D.N.Y. 1996) (quoting *Notaro*, 95 F.R.D. at 405. Thus, the scope of permissible expedited discovery, if any, is limited to requests that are more narrowly "tailored to the time constraints under which both parties must proceed [and] to the specific issues that will have to be determined at the preliminary injunction hearing." *Id.* at 731; *compare*

*Fed. Exp. Corp.*, 1997 WL 736530, at *2 (N.D.N.Y. 1997). In this case, Marsh does not seek a preliminary injunction.

25. Marsh devotes little attention to this final factor. Marsh must come forth with evidence that, absent expedited discovery, injury to Marsh "looms greater" than the burden Falk will suffer if the Court grants expedited discovery. Rather than present any evidence, Marsh simply claims its discovery is not overly broad or burdensome. Significantly, Marsh completely ignores the fact that it seeks an order from the Court requiring Falk, a Louisiana resident since 1972, and one who worked for Marsh in Louisiana, to appear in Marsh's counsel's office within seven (7) days after the Court's instruction.[7] Moreover, Marsh's request for Falk's deposition is completely unrestricted and not narrowly tailored to any time constraint or topics that generally would be at issue in a preliminary injunction hearing. *Compare id.*

26. Also, Falk is filing a Motion to Dismiss raising numerous dispositive issues including, *inter alia*, the Court's lack of personal jurisdiction over Falk and the unenforceability of the choice of forum clause on which Marsh solely relies. Therefore, the Court should not compel Falk to appear for his deposition until the Court has the opportunity to review, consider, and rule on Falk's Motion. Falk's Motion also includes numerous other bases for the Court to dismiss this case, abstain from exercising jurisdiction, or transfer this matter to the Eastern District of Louisiana.

---

[7] Marsh's memorandum contains a typographical error by stating it seeks an order requiring Falk to appear for his deposition "within five (7) [sic] days thereafter."

27.     Accordingly, Marsh fails to present any evidence to satisfy the fourth factor and for this reason alone, or in combination with those addressed above, the Court should deny Marsh's request to conduct expedited discovery in this breach of contract case.

## II.    Marsh's Requested Discovery Does Not Satisfy the Reasonableness Standard for Expedited Discovery Either.

28.     Marsh's request for expedited discovery also fails to satisfy the reasonableness standard for expedited discovery. Perhaps most importantly, Marsh's request for expedited discovery is unreasonable because there is simply no basis to permit Marsh to conduct such discovery where the Court has not yet resolved essential questions of the Court's subject matter jurisdiction, personal jurisdiction over the Defendant, whether venue is proper in this Court, or whether Plaintiffs have stated a claim. A plain reading of Marsh's amended complaint makes clear that this is a breach of contract action. Marsh does not seek a temporary restraining order or a preliminary injunction. By not pursuing such remedies, Marsh tacitly concedes – as it cannot reasonably allege – there is no immediate, irreparable injury Marsh is facing in this contract case. Accordingly, expedited discovery is patently unreasonable because there is no urgency to discover any *past* conduct that may have led to any alleged damages.

29.     Indeed, the sheer breadth of Marsh's discovery requests is revealing and itself renders them unreasonable. Stripped of all the legalese, Marsh's motion simply says it would like to *investigate*, much earlier than the rules contemplate *the possibility* of conduct that would support its already filed complaint. Beyond this, Marsh offers no basis whatsoever to justify expedited discovery other than Marsh's desire to conduct a fishing expedition in an effort to find allegations to state a cognizable claim. Indeed, **Marsh admits it seeks expedited discovery for**

**no purpose other than** *"to properly investigate"* allegations *they have already made*. Pls' Memo in Support of Order to Show Cause at 11 (emphasis added).

30.  Of course, any discovery, much less expedited discovery, is "unwarranted where it would function as a fishing expedition" for evidence in search of support for allegations that fail to state a claim on which relief can be granted. *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) (quoting *In re Alper Holdings, Inc.*, 398 B.R. 736, 754 (S.D.N.Y. 2008). Indeed, allowing Marsh to conduct discovery in an effort to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to "streamline[] litigation by dispensing with **needless discovery** and factfinding" where [as here] the plaintiff has failed to state a claim under the law. *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S. Ct. 1827 (1989) (emphasis added). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Roth v. Jennings*, 489 F.3d 499, 517 (2d Cir. 2007). Marsh's proposal should be roundly rejected by the Court because "[d]iscovery[] is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. 2002).

31.  Although discovery rules are generally accorded broad treatment, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978). Here, Marsh simply wants to conduct expedited discovery to see what, if anything, they can uncover. Marsh's proposed document requests are overly broad and *expressly* unlimited as to time and scope. Falk worked for Marsh for more than six (6) years. Yet

Marsh asks the Court to order Falk to produce: "All documents removed by you from the offices of Marsh at any time" and "All Marsh documents downloaded and/or printed at any time." Proposed Request Nos. 1 & 2.

32.   Moreover, the bulk of Marsh's proposed document requests seek information from one of Marsh's competitors, who is not a party to suit and who this unusual process cannot be protected from what may be an effort to secure information otherwise not subject to discovery at all. Since Marsh complains of a single alleged breach contract by Falk related to a Marsh customer, there is absolutely no basis for expedited discovery for documents "concerning [Falk's] potential, prospective or actual employment by BM&B." Likewise, correspondence between Falk and BM&B, if any, "concerning any of Marsh's clients, contacts and/or business prospects" is equally unreasonable and simply a fishing expedition. Marsh's request for documents related to Falk's current employer's efforts to prevent Falk from using or disclosing Marsh's confidential information or trade secrets when Marsh does not assert any claim against Falk's employer are an obvious fishing expedition to see, not if Falk has done anything wrong, but whether Marsh can find a basis to sue Falk's new employer. Such information is clearly not related to any claim Marsh asserts, nor is the request reasonably calculated to lead to the discovery of admissible evidence related to claims against Falk. FED. R. CIV. P. 26(b)(1).

33.   Clearly, by the very virtue of the scope of Marsh's request for all documents "concerning persons or companies who are current, former, or prospective clients of Marsh, with whom you have communicated with since November 1, 2011 through the present," Marsh's request is overly broad as to time and scope. *Falk still worked for Marsh for three and one-half months after the November 1, 2011 date listed in Marsh's request.* Moreover, the request is

unreasonably overly broad because Marsh does not limit the scope or topic of the type of communication made, if any. Also, Marsh's request for communications with "prospective clients of Marsh" is overly broad because restrictive covenants purporting to extend to potential customers are "so overly broad" they are null and void as a matter of law. *H.B. Rentals, LC v. Bledsoe*, 24 So. 3d 260, 263 (La. Ct. App. 2009).

34.     Finally, Marsh's request for documents "evidencing expected or received revenue and/or profit due or owed to BM&B by any current, former, or prospective client of Marsh" is equally overly broad, objectionable and, once again, not a request for discovery from Falk but, rather, his new employer which is not even a party to this case.

35.     Falk has returned all Marsh property and has not used, nor is he using, any confidential information belonging to Marsh. Falk has obtained business from one, and only one, former client as that client's location was not listed in Falk's agreement with Marsh defining the geographic territory in which Marsh expected him not to compete. Accordingly, the Court should find Marsh's request to deviate from the ordinary course and timing of discovery is unwarranted and unreasonable in this case and deny Marsh's request for expedited discovery in this breach of contract case.

## CONCLUSION

36.     Although Marsh does not claim, and certainly cannot demonstrate, a right to extraordinary relief, Marsh asks this Court to deviate, extraordinarily, from the rules of civil procedure, necessarily, thereby, disregarding Falk's right to a determination of issues much more significant – and unquestionably case determinative – than what other phone calls Falk made since resigning. Although, as this Court observed in *Hopkins*, any party might like the

opportunity to re-write the rules of procedure to suit their own ends, Falk would respectfully submit that it is the Court's primary role to ensure that all parties are treated equally under those rules. Marsh's efforts to bend the rules, unilaterally, to their own purposes should be roundly rejected by this Court.

## PRAYER

For these reasons, alone or in combination, Defendant Raymond Falk respectfully requests the Court deny Marsh's request to conduct expedited discovery.

Dated: New York, New York
May 11, 2012

        CARTER LEDYARD & MILBURN LLP

        By: _____/s/ Judith A. Lockhart_____
        Judith A. Lockhart
        Leonardo Trivigno
        2 Wall Street
        New York, New York 10005
        Telephone: (212) 238-8603
        lockhart@clm.com
        trivigno@clm.com

        -and-

        CHAMBERLAIN, HRDLICKA, WHITE,
        WILLIAMS & AUGHTRY, P.C.
        William S. Helfand
        *Request to Appear Pro Hac Vice to be filed*
        Kellen R. Scott
        *Request to Appear Pro Hac Vice to be filed*
        1200 Smith Street, Suite 1400
        Houston, Texas 77002
        Telephone: (713) 658-1818
        William.Helfand@chamberlainlaw.com
        Kellen.Scott@chamberlainlaw.com

        *Attorneys for Defendant Raymond Falk*