Judith A. Lockhart, Esq.
Leonardo Trivigno, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
lockhart@clm.com
trivigno@clm.com

William S. Helfand
Kellen R. Scott
Chamberlain, Hrdlicka, White,
Williams & Aughtry, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
William.Helfand@chamberlainlaw.com
Kellen.Scott@chamberlainlaw.com

*Attorneys for Defendant Raymond Falk*

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARSH USA INC., ET AL., | 12-CV-3044 (LTS) (HBP) |
| Plaintiffs, | |
| -against- | |
| RAYMOND FALK, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RAYMOND FALK'S
MOTION TO STAY PROCEEDINGS UNDER THE FIRST-TO-FILE RULE PENDING
<u>RESOLUTION OF ISSUES BY FIRST-FILED COURT</u>**

## INTRODUCTION

As this Court is aware, Falk worked for Marsh USA Inc. in New Orleans, Louisiana, and nowhere else, from December 2005 until he voluntarily resigned from his employment in February 2012. Because the many different documents, each with different terms, Marsh required Falk to sign while employed left Falk's rights and responsibilities upon his resignation unclear, Falk filed a declaratory judgment action in Civil District Court for the Parish of Orleans on February 17, 2012, against Marsh USA Inc. and Marsh Inc. (collectively referred to as "Marsh") to clarify the enforceability, if any, of Marsh's documents.

Although Falk offered to discuss the matter with Marsh immediately after providing them a copy of his Declaratory Judgment action, rather than talk to, let alone work with, Falk to resolve the issues Falk raised in his Louisiana action, Marsh responded by filing this subsequent, parallel, lawsuit two (2) months after Falk filed his action. Marsh's lawsuit requires resolution of the very same issues Falk already put into issue in Louisiana state court; the enforceability of Marsh's purported non-compete documents. Surprisingly, and despite Falk's lawsuit being the first-filed, Marsh has aggressively and actively pursued its own lawsuit while, at the same time, unnecessarily and unreasonably delaying Falk's lawsuit in Louisiana.

Indeed, although Marsh concedes Falk provided Marsh with a copy of Falk's Petition for Declaratory Judgment seventy-nine (79) days earlier, Marsh sought an extension of time to file its response in state court. Notably, Marsh did not state any basis whatsoever for the request for an extension, much less explain why it could not respond to Falk's Petition. Then, on May 29, 2012, Marsh removed Falk's lawsuit to the Eastern District of Louisiana based upon diversity jurisdiction.

Now, since Marsh has removed Falk's undisputedly first-filed lawsuit to the federal district court in Louisiana, and consistent with well-settled precedent, Falk respectfully requests this Court stay all further proceedings in this Court to allow the first-filed court in Louisiana to apply the first-to-file rule and determine how, if at all, Marsh's second-filed lawsuit should proceed.

### ARGUMENT AND AUTHORITIES

To be sure, Marsh concedes Falk's Louisiana action is the first-filed lawsuit. Marsh attaches a copy of Falk's Louisiana Petition to Marsh's First Amended Complaint. *See* Exhibit I to Marsh's First Am. Complaint [Doc. No. 6]. Marsh admits Falk filed his lawsuit on February 17, 2012, and even admits Falk provided Marsh with a copy of Falk's lawsuit on February 27, 2012. *Id.* ¶¶ 62-63. Marsh did not file this lawsuit until April 17, 2012. Marsh's Orig. Complaint [Doc. No. 1]. Both lawsuits seek resolution of substantially overlapping, if not truly identical, issues, namely the enforceability, as a matter of law, of restrictive covenants contained in several Marsh documents the company required Falk to sign throughout his employment with Marsh. Compare Falk Pet., Exhibit I to Marsh's First Am. Complaint ¶¶12-13, 15, 20-22; Marsh First Am. Complaint [Doc. No. 6] ¶¶23-46; 68-70, 76-79.

"Where [as here] two courts have concurrent jurisdiction over an action involving the same parties and issues, courts will follow a 'first filed' rule whereby the court which first has possession of the action decides it." *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 131 (S.D.N.Y. 1994). As the Second Circuit has also held, there is a strong presumption in favor of resolution of the disputes in the forum of the first-filed suit, *New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991), in this case Louisiana.

3

Notably, courts in both the Second and Fifth Circuits hold that the court that has the first-filed case pending before it—in this instance, the Eastern District of Louisiana—shall decide whether an exception to the first-filed rule is warranted. See *Sutter Corp. v. P & P Indus., Inc.*, 125 F. 3d 914, 920 (5th Cir. 1997) ("the 'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated."); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F. 3d 947, 950 (5th Cir. 1997) ("The Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed."); *Citigroup Inc. v. City Holding Co.,* 97 F. Supp. 2d 549, 556 & n.4 (S.D.N.Y. 2000) ("Indeed, it is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies."); *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 195 (S.D.N.Y. 2000). Indeed, this Court in *Citigroup Inc.* described as "unfortunate" the judicial expense of two courts devoting resources to resolve first-filed issues. *Citigroup Inc.*, 97 F. Supp. 2d at 556.

As this Court has previously held, the court "initially seized of a controversy" is determined by the date of filing, regardless of the fact Marsh removed Falk's Louisiana action after Falk filed it. *Cf. 800-Flowers, Inc.*, 860 F. Supp. at 131 n.1. Moreover, the filing date, not service date, controls whether an action is first-filed. *Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 166 n.3 (S.D.N.Y. 1992). To be sure, where, as here, a state action is subsequently removed to federal court, for the purposes of the first-to-file rule, "**the state court filing date is the relevant benchmark**." *Id.* at 166 (emphasis added). Here, under clear, controlling, precedent, Falk's action must be recognized as the first-filed and the federal

district court for the Eastern District of Louisiana must resolve the dispute framed by the two suits unless *that court* finds an applicable exception to the first-filed rule.[1]

It is undisputed that Falk commenced his action on February 17, 2012, while Marsh filed its New York action two months later on April 17, 2012, fully aware of the first-filed suit. Because Falk filed his suit in the Louisiana state court before Marsh filed their suit in this court, the Court should find the controversy was "first-filed" in the Eastern District of Louisiana, within the meaning of the rule, and stay all proceedings out of judicial economy to allow the Louisiana court to resolve if, and where, this action should proceed.

## CONCLUSION

For these reasons, Defendant Raymond Falk requests the Court find the Eastern District of Louisiana is the "first-filed" court and stay all proceedings to allow that court to resolve issues pertaining to whether this action should proceed.

Dated:     June 7, 2012

                                        CHAMBERLAIN, HRDLICKA, WHITE,
                                        WILLIAMS & AUGHTRY, P.C.

                                        By: /s/William S. Helfand_____
                                        William S. Helfand
                                        *Appearing Pro Hac Vice*
                                        Kellen R. Scott
                                        1200 Smith Street, Suite 1400
                                        Houston, Texas 77002
                                        Telephone: (713) 658-1818
                                        William.Helfand@chamberlainlaw.com
                                        Kellen.Scott@chamberlainlaw.com

                                        -and-

---

[1] Accordingly, and again consistent with guiding precedent, Falk is contemporaneously seeking an order from the Eastern District of Louisiana court enjoining Marsh from pursuing its later-filed suit.

        CARTER LEDYARD & MILBURN LLP
        Judith A. Lockhart, Esq.
        Leonardo Trivigno, Esq.
        2 Wall Street
        New York, New York 10005
        Telephone: (212) 732-3200
        lockhart@clm.com
        trivigno@clm.com

        *Attorneys for Defendant Raymond Falk*

1024587_1